**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Garvin Holdings, LLC, | No. CV-12-909-PHX-SMM |
| Plaintiff, | **MEMORANDUM OF DECISION AND ORDER** |
| v. | |
| AMCO Insurance Co., et al., | |
| Defendants. | |

Before the Court is Defendants' Motion for Partial Summary Judgment (Doc. 14), and Plaintiff's Cross-Motion for Partial Summary Judgment (Doc. 22). Each motion has been fully briefed. (Docs. 15, 23, 26, 27, 28.) After reviewing the briefs, and having determined that oral argument is unnecessary,[1] the Court will deny Defendants' Motion for Partial Summary Judgment, and grant Plaintiff's Cross-Motion for Partial Summary Judgment.

**BACKGROUND**

**I.    Factual Background**

Plaintiff Garvin Holdings, LLC, owns a commercial building located at 7405 East Monte Cristo Avenue in Scottsdale, Arizona ("the building"). (Doc. 15 ¶ 2.) The building is surrounded by a parking lot with three carport structures, which are set apart from the building. (Id. ¶ 3; Doc. 23 ¶ 3.) On October 5, 2010, a severe hail storm occurred in the

---

[1] The parties' request for oral argument is denied because the parties have had an adequate opportunity to present their written arguments, and oral argument will not aid the Court's decision. See Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev., 933 F.2d 724, 729 (9th Cir. 1991).

1  Phoenix area, causing damage to Plaintiff's building and carports. (Doc. 15 ¶ 1.) At the time
2  of the storm, Plaintiff was insured by a commercial building insurance policy purchased from
3  Defendants. (Id. ¶ 5.) The policy contained provisions purporting to cover the cost of loss
4  or damage to Plaintiff's covered property. (Doc. 15-1 at 34.)

5        The relevant policy language read as follows: "We will pay for direct physical loss
6  of or damage to Covered Property at the premises described in the Declarations caused by
7  or resulting from any Covered Cause of Loss." (Id.) "Covered Property" was defined to
8  include "the building or structure described in the Declarations, including: . . . (2) Fixtures,
9  including outdoor fixtures" (the "A(1)(a) clause"). (Id.) Also included under Covered
10 Property was "[y]our Business Personal Property located in or on the building described in
11 the Declarations or in the open (or in a vehicle) within 100 feet of the described premises,
12 consisting of the following . . . : (1) Furniture and fixtures" (the "A(1)(b) clause"). (Id.) The
13 policy excluded various items from coverage, including the land on which the building was
14 located, surrounding roadways, and other paved surfaces. (Doc. 15 ¶ 10.)

15       After the storm, Plaintiff notified Defendants of the damage to the roof of the
16 building. (Id. ¶ 4.) Plaintiff later made an additional claim under the policy for damage to
17 the carports from the same storm. (Id. ¶ 15.) Defendants eventually paid various amounts
18 for repair and replacement of damaged portions of the building's roof and attached fixtures
19 such as air-conditioning units. (Id. ¶¶ 13, 14, 16.) Defendants refused to pay for any damage
20 to the carports, however, contending that they were not covered under the policy.

21 **II.    Procedural Background**

22       Plaintiff initiated the present complaint in the Superior Court of Arizona, Maricopa
23 County. (Doc. 1-1.) Defendants then timely removed to this Court. (Doc. 1.) Plaintiff's
24 complaint alleges causes of action for breach of contract and breach of the duty of good faith
25 and fair dealing ("bad faith"), and seeks declaratory judgment on the issue of whether the
26 carports are covered under the policy. (Doc. 1-1.) Plaintiff alleges that the policy does cover
27 the carports, that Defendants breached the insurance policy contract by failing to pay for the
28 damage to the carports, and that Defendants committed the tort of bad faith by failing to act

reasonably toward Plaintiff during the claims process. (Id.)

Defendants now bring their Motion for Partial Summary Judgment, arguing that no genuine issues of fact exist as to Plaintiff's claim for declaratory judgment. (Doc. 14.) Plaintiff simultaneously brings its Cross-Motion for Partial Summary Judgment, also on the issue of Plaintiff's claim for declaratory judgment. (Doc. 22.)

## LEGAL STANDARD

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Jesinger v. Nev. Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). Substantive law determines which facts are material. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); see also Jesinger, 24 F.3d at 1130. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. The dispute must also be genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." Id.; see Jesinger, 24 F.3d at 1130.

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." Celotex, 477 U.S. at 323-24. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir. 1994). The moving party need not disprove matters on which the opponent has the burden of proof at trial. See Celotex, 477 U.S. at 323-24. The party opposing summary judgment need not produce evidence "in a form that would be admissible at trial in order to avoid summary judgment." Id. at 324. However, the nonmovant must set out specific facts showing a genuine dispute for trial. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-88 (1986); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044,

1049 (9th Cir. 1995).

Declaratory judgment is appropriate when the parties seek resolution of a dispute over the rights and responsibilities of the parties to a written contract. ARIZ. REV. STAT. § 12-1832. Arizona's declaratory judgments act is to be interpreted liberally. Keggi v. Northbrook Property and Cas. Ins. Co., 199 Ariz. 43, 45, 13 P.3d 785, 787 (App. 2000). A justiciable controversy appropriate for a claim under the declaratory judgments act exists "if there is 'an assertion of a right, status, or legal relation in which the plaintiff has a definite interest and a denial of it by the opposing party.'" Id. (quoting Samaritan Health Services v. City of Glendale, 148 Ariz. 394, 395, 714 P.2d 887, 888 (App. 1986).

Provisions of insurance contracts should be construed according to their plain and ordinary meaning. National Bank v. St. Paul Fire & Marine Ins. Co., 193 Ariz. 581, 584, 975 P.2d 711, 714 (App. 1999). The interpretation of an insurance contract is a question of law, as is the question of whether the contract's terms are ambiguous. Id. Language in an insurance contract must be interpreted from the standpoint of an average layman untrained in the law or the field of insurance. Liristis v. American Fam. Mut. Ins. Co., 204 Ariz. 140, 143-44, 61 P.3d 22, 25-26 (App. 2002).

A court must also read an insurance policy as a whole to give "'reasonable and harmonious meaning and effect to all its provisions.'" National Bank, 193 Ariz. at 584, 975 P.2d at 714 (quoting Federal Ins. Co. v. P.A.T. Homes, Inc., 113 Ariz. 136, 139, 547 P.2d 1050, 1053 (1976)). Moreover, "[i]f an insurer desires to limit its liability under a policy, it should employ language which clearly and distinctly communicates to the insured the nature of the limitation. Sparks v. Republic Nat'l Life Ins. Co., 132 Ariz. 529, 535, 647 P.2d 1127, 1133 (1982) (quoting Transamerica Insurance Co. v. McKee, 27 Ariz.App. 158, 551 P.2d 1324 (1976)).

**DISCUSSION**

Defendants argue that no genuine issue of material fact exists with regard to Plaintiff's claim for declaratory judgment, and that they are entitled to judgment as a matter of law. (Doc. 14.) Plaintiff agrees with Defendants that there is no dispute over the facts pertaining

- 4 -

1 to its claim for declaratory judgment, but argues that summary judgment is appropriate in its
2 favor, not Defendants'. (Doc. 22.)

3 As a preliminary issue, Defendants also argue that Plaintiff's claim for declaratory
4 judgment is inappropriate in this case. (Doc. 14 at 3-4.) According to Defendants, Plaintiff
5 actually seeks a declaration that Defendants did not pay the full amount required under the
6 policy, a determination which Plaintiff may seek through its claim for breach of contract, but
7 which does not fall under the purpose of the declaratory judgments act. (Id.) Plaintiff
8 disagrees, arguing that declaratory judgment is appropriate to resolve issues of construction
9 of insurance contracts, and that in this claim Plaintiff is not seeking a declaration that
10 Defendants owe any particular amount of money, but only a declaration as to Defendants'
11 coverage responsibilities under the insurance contract. (Doc. 28 at 2-3.)

12 The Court agrees with Plaintiff. It does appear that Plaintiff's declaratory judgment
13 claim is redundant, in that resolution of Plaintiff's breach of contract claim necessarily would
14 resolve the same issue – whether the policy should be construed to provide coverage for the
15 carports. However, Plaintiff's claim for declaratory judgment is not improper as a matter of
16 law, as Plaintiff does seek a declaration concerning the rights and responsibilities of the
17 parties under the insurance contract. See Keggi, 199 Ariz. at 45, 13 P.3d at 787. Thus, at
18 issue before the Court is whether the policy language as a matter of law should be interpreted
19 to include or exclude coverage for Plaintiff's carports.

20 Defendants contend that the policy does not cover damage to the carports, because the
21 "Covered Property at the premises described in the Declarations" consists only of the actual
22 building itself, and fixtures attached to the building. (Doc. 14.) According to Defendants,
23 because the carports are fixtures attached to the parking lot, which is explicitly not covered,
24 the carports are not covered fixtures for purposes of the policy. (Id. at 5.)

25 Plaintiff responds that Defendants attempt to read into the policy a requirement that
26 does not exist by claiming that "covered fixtures" are only those fixtures affixed to the
27 building itself. Moreover, Plaintiff argues that the "Covered Premises described in the
28 Declarations" is not so limited as Defendants claim – rather, the Declarations describe the

- 5 -

1 covered premises as "7405 East Monte Cristo Avenue," a description which necessarily
2 includes the entire property, subject to certain explicit exclusions. (Doc. 22 at 4-5.)

3        Plaintiff also contends that regardless of whether the carports can be properly
4 considered covered fixtures under the A(1)(a) clause of the policy, they fall under the
5 definition of "covered business property" in the A(1)(b) clause because they are outdoor
6 fixtures in the open within 100 feet of the building. (Id. at 5-6.) Defendants respond to this
7 argument by noting that the policy language in that clause states that covered business
8 property includes "furniture and fixtures." (Doc. 26 at 5.) Thus, according to Defendants,
9 this clause actually means "fixtures to furniture," which does not include the carports. (Id.)

10        The Court finds both of Defendants arguments unpersuasive, and finds that coverage
11 for the carports can be found under either the "covered premises" A(1)(a) clause or the
12 "covered business property" A(1)(b) clause. The Court must interpret the policy language
13 according to its plain and ordinary meaning, and read the policy as a whole to give
14 "reasonable and harmonious meaning and effect to all its provisions." See National Bank,
15 193 Ariz. at 584, 975 P.2d at 714. In interpreting the A(1)(a) "covered premises" clause, the
16 Court finds that Defendants' favored interpretation – that the covered premises described in
17 the declarations is only the building itself – is without merit. The policy clearly contemplates
18 that some property located at 7405 East Monte Cristo Avenue other than the building could
19 be covered – otherwise, the various exclusions specifically written into the policy for such
20 things as the bridges, roadways, walks, and the parking lot would be redundant. (See Doc.
21 15-1 at 35.) Thus, the carports fall under the definition of "covered premises" in clause
22 A(1)(a).

23        Similarly, coverage for the carports can be found in the A(1)(b) "covered business
24 property" clause of the policy. There, the policy language in no way supports Defendants'
25 contention that coverage is limited to "fixtures to furniture." The plain language of the
26 clause at issue provides coverage for "fixtures **and** furniture," and Defendants' attempt to
27 convert the broad "and" into restrictive "to" is unavailing. This clause unambiguously is
28 meant to provide coverage for furniture or fixtures in the open within 100 feet of the covered

1  premises. Here, Plaintiff presents affidavit testimony indicating that the carports are located
2  in the open within 100 feet of the building. (Doc. 23 ¶ 20.) Thus, this clause clearly
3  encompasses the carports, which are permanently affixed to the parking lot and located
4  within 100 feet of the building.

5  Therefore, the Court finds that the carports unambiguously fall under either the
6  "covered premises" clause (A(1)(a)), or the "covered business property" clause (A(1)(b)).
7  Accordingly, Plaintiff has established that it is entitled to summary judgment in its favor on
8  its claim for declaratory judgment. Conversely, Defendants' motion for summary judgment
9  must be denied.

## CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED denying** Defendants' Motion for Partial Summary Judgment. (Doc. 14.)

**IT IS FURTHER ORDERED granting** Plaintiff's Cross-Motion for Partial Summary Judgment. (Doc. 22.)

**IT IS FURTHER ORDERED declaring** that Plaintiff's carports are covered under the insurance policy as either part of the "covered premises" clause, or the "covered business property" clause.

DATED this 25th day of March, 2013.

_____
Stephen M. McNamee
Senior United States District Judge